# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERLENE LORETTA HENDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>VALLEY VIEW CASINO; ALLEN E. LAWSON,<br><br>Defendants. | CASE NO. 10 CV 2328 MMA (BGS)<br><br>**ORDER:**<br><br>**GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**[Doc. No. 2]**<br><br>**DISMISSING COMPLAINT *SUA SPONTE*;**<br><br>**[Doc. No. 1]**<br><br>**DENYING MOTION TO APPOINT COUNSEL**<br><br>**[Doc. No. 3]** |

On November 10, 2010, Plaintiff Sherlene Loretta Henderson, proceeding *pro se*, filed a civil rights complaint, along with a motion to proceed *in forma pauperis* ("IFP"), and a request for appointment of counsel. For the reasons discussed below, the Court **GRANTS** Plaintiff's request to proceed IFP [Doc. No. 2], **DISMISSES** Plaintiff's complaint for failure to state a claim upon which relief may be granted and lack of subject matter jurisdiction [Doc. No. 1], and **DENIES** Plaintiff's request for appointment of counsel [Doc. No. 3].

///

## I. PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). The Court, however, may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including statement of assets, showing that she is unable to pay the requisite filing fee. 28 U.S.C. § 1915(a). Here, Plaintiff reports that she is unemployed. [Doc. No. 2.] Plaintiff indicates she receives $840 per month in social security payments, and she received a one-time insurance payment of $1,100. [*Id.*] Plaintiff asserts several monthly debt obligations including, $382 for rent, $230 for credit card payments, and $15 for insurance. [*Id.*] Plaintiff's IFP application indicates she has checking and savings accounts, which have a combined balance of $60, and that she owns a car. [*Id.*] Based on the information provided, the Court finds Plaintiff has satisfied the requirements of section 1915 and **GRANTS** Plaintiff's motion to proceed IFP.

## II. SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2)

The Court is obligated to review a complaint filed IFP *sua sponte* and must dismiss the action if it determines that the complaint is frivolous, malicious, or fails to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally construe a *pro se's* pleadings. *Id*. In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### (A) Background

Plaintiff asserts she suffered food poisoning after eating moldy bread at Defendant Valley View Casino on May 21, 2010. [Doc. No. 1.] According to Plaintiff, she did not realize the bread was moldy until she had taken three bites of the sandwich, and she noticed a bitter taste and her

eyes began to water and itch. [*Id.*] Plaintiff alleges she asked people behind the counter for medicine, such as "ALKA-SALZA or PEPTO," but was told that they could only provide her food. [*Id.*] Plaintiff then requested some vinegar potato chips and ate some pizza, which did not make her feel any better. [*Id.*] Plaintiff alleges she had diarrhea for three days and nights, and she was unable to sleep for a month. [*Id.*] Plaintiff has visited two doctors for her condition, and intends to see an eye doctor later this month. [*Id.*]

Plaintiff asserts she attempted to contact one of Defendant's managers, Armando Martinez, multiple times to obtain a claim form to formally notify Defendant of the injuries she suffered and to receive compensation for her pain and suffering. [*Id.*] Plaintiff alleges she notified Defendant Allen E. Lawson, purportedly a chairman at Defendant Valley View Casino, that Mr. Martinez did not respond to her requests. Thereafter, Plaintiff filed the present civil rights action against Valley View Casino and Mr. Lawson. [*Id.*]

**(B)     Violation of Civil Rights under 42 U.S.C. § 1983**

Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell*, 541 U.S. 637 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).  Plaintiff's complaint does not allege either requirement.

First, Plaintiff asserts she was eating at Valley View Casino when the events in question occurred.  However, she does not allege Valley View Casino is a state entity, nor does she allege that Mr. Lawson acted under color of state law.  Indeed, the complaint is devoid of any allegations regarding conduct by Mr. Lawson.  Although the Court liberally construes the complaint in Plaintiff's favor, it may not "supply essential elements of claims that were not initially pled." *Ivey*, 673 F.2d at 268.

Second, even if either Defendant is a state actor, Plaintiff has not sufficiently pled conduct that deprived her of a constitutional right.  Plaintiff's complaint alleges she became ill after eating moldy bread at the Defendant-establishment.  The complaint, however, does not include any

allegations that suggest Defendants violated Plaintiff's constitutional rights. Accordingly, because Plaintiff has failed to allege facts that establish a violation of her civil rights under section 1983, her complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

### (C) Subject Matter Jurisdiction

In addition, in the absence of a viable section 1983 claim, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's grievances.[1] Federal courts have limited jurisdiction, and therefore, can only hear certain types of claims that the Constitution or Congress has authorized them to adjudicate. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Thus, "[i]t is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Here, Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331 based on her purported section 1983 claim. However, Plaintiff's brief complaint appears only to allege a state-based tort claim for personal injuries she received as a result of eating food provided by Defendant. Without more, such personal injury claims, even if they injury was sustained on an Indian reservation, do not give rise to federal jurisdiction. *See, e.g., Begay v. Kerr-McGee Corp.*, 499 F. Supp. 1317, 1322 (D. Ariz. 1980). Accordingly, because Plaintiff has not set forth any cognizable ground for this Court to exercise jurisdiction over her claim, her complaint is also subject to dismissal for lack of subject matter jurisdiction.

### III. REQUEST FOR APPOINTMENT OF COUNSEL

Also pending before the Court is Plaintiff's request for appointment of counsel under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1). [Doc. No. 3.] Although the Court may utilize section 2000e to appoint an attorney in certain employment actions under "circumstances as the court may deem just," section 2000e appears to be of no use to Plaintiff here. *See* 42 U.S.C. § 2000e-5(f)(1). First, Plaintiff's complaint purports to state a section 1983 claim for personal injuries she received after eating moldy bread provided by Defendant; Plaintiff makes no allegations regarding employment. Second, no Notice-of-Right-to-Sue Letter is attached to the

---

[1] Federal Rule of Civil Procedure 12(h)(3) permits a district court to dismiss a complaint *sua sponte* for lack of jurisdiction.

1 complaint. Accordingly, the Court does not have authority under 42 U.S.C. §2000e-5(f)(1) to
2 appoint Plaintiff counsel.

3 Additionally, in civil proceedings such as this one, there is no absolute right to counsel.
4 *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Federal
5 courts do not have the authority to make coercive appointments of counsel. *Mallard v. United*
6 *States District Court*, 490 U.S. 296, 310 (1989). However, "[t]itle 28 U.S.C. § 1915(e)(1) permits
7 the district court, in its discretion, to 'request an attorney to represent any person unable to afford
8 counsel.'" *Solis v. County of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008) (quoting 28 U.S.C. §
9 1915(e)(1)); *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Such
10 discretion may be exercised upon a showing of exceptional circumstances. *See Terrell v. Brewer*,
11 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).
12 "To show exceptional circumstances the litigant must demonstrate the likelihood of success and
13 complexity of the legal issues involved." *Burns*, 883 F.2d at 823 (citation omitted); *Hedges*, 32
14 F.3d at 1363; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Neither the likelihood
15 of success nor the complexity of the case are dispositive; both must be considered. *Terrell*, 935
16 F.2d at 1017; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

17 Here, Plaintiff's complaint does not demonstrate any likelihood of success, as it fails to
18 state a claim upon which relief may be granted. Additionally, as currently pled, the complaint
19 does not raise complex legal issues because it appears to be based on a standard tort claim for
20 personal injury. Accordingly, for the reasons set forth herein, the Court **DENIES** Plaintiff's
21 request for appointment of counsel without prejudice.

22 **IV.    CONCLUSION AND ORDER**

23 Upon reviewing Plaintiff's complaint, motion to proceed IFP, and request for appointment
24 of counsel, **IT IS HEREBY ORDERED THAT:**

25 (1) Plaintiff's motion to proceed IFP is **GRANTED** [Doc. No. 2];

26 (2) Plaintiff's request for appointment of counsel is **DENIED** without prejudice [Doc.
27 No. 3]; and

28 / / /

   (3) Plaintiff's complaint is **DISMISSED** without prejudice, pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(b) [Doc. No. 1].

  **IT IS SO ORDERED.**

DATED: November 15, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge